IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LEE McDANIEL PARKER, | : |
| Plaintiff, | : |
| VS. | : NO. 5:15-CV-271-CAR-MSH |
| Sheriff DAVID DAVIS, *et al.*, | : |
| Defendants. | : |

## **REPORT AND RECOMMENDATION**

Presently pending before the court is Defendant Davis's motion for summary judgment (ECF No. 60), Defendants Reece, Harmond, Nation, and Barnes's motion for summary judgment (ECF No. 66), and Defendants Fair, James, Street, and Digby's motion for summary judgment (ECF No. 69). Plaintiff responded to each motion (ECF Nos. 71, 73, 79). For the reasons explained below, it is recommended that Defendants' motions be granted.

### BACKGROUND

The present action arises out of an alleged denial of appropriate medical treatment at the Bibb, Jones, and Crisp County Jails (respectively the "BCJ," "JCJ," and "CCJ"). Following Plaintiff's arrest on December 3, 2013, he was incarcerated at the BCJ. Plaintiff allegedly informed Defendant BCJ Nurses Street, Fair, James, and Digsby that he was an insulin-dependent diabetic and advised them of the specific type and dosage of insulin required to control his diabetes. Plaintiff complains that these Defendants

nevertheless changed his insulin prescription and that this change caused damage to his health.  According to Plaintiff, the Defendant Nurses were "following policy at the jail," and for this reason, he includes Bibb County Sheriff David Davis as a Defendant in this action.

On March 23, 2014, Plaintiff was transferred to the JCJ.  Plaintiff complains that JCJ "medical personnel" failed to give him insulin for the first five days of his stay and thereafter administered the insulin late or on an inconsistent basis.  Plaintiff further complains that "medical personnel" denied him his required high blood pressure medication.  Plaintiff additionally sues Jones County Sheriff Robert "Butch" Reece, alleging that Reece denied Plaintiff medical treatment due to an inadequate budget, that his unspecified "policies" resulted in the violation of Plaintiff's rights, and that he "failed to employ qualified medical personnel to insure the proper care and treatment of inmates."  Recast Compl. 7, ECF No. 5; Compl. 8.

Plaintiff was transferred to the CJC on December 3, 2014.  There is no pending motion for summary judgment on Plaintiff's claims against the CJC defendants.  In January 2015, Plaintiff was transferred back to the BCJ for two weeks.  He claims his medical needs were ignored.  *Id.*  Thereafter, Plaintiff was returned to the JCJ.

## DISCUSSION

### I.   Summary Judgment Standard

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In determining whether a *genuine* dispute of *material* fact

exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

## II.    Deliberate Indifference

"[T]o prevail on a deliberate indifference to serious medical need claim, [a plaintiff] must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l*, 588 F.3d 1291, 1306-07 (11th Cir. 2009). "A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Bingham v. Thomas*, 654 F.3d at 1176 (internal quotation marks and citation omitted). Deliberate indifference requires a showing of a "subjective knowledge of a risk of serious harm" and "disregard of that risk . . . by conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (citation omitted).

A mere disagreement with the treatment received does not give rise to a claim for deliberate indifference. *See Hamm v. Dekalb Cnty.*, 774 F.2d 1527, 1575 (11th Cir. 1985). Specifically, "an inmate's desire for a different mode of treatment does not rise to the level of deliberate indifference." *Id.* Negligence in treatment, even rising to the

3

level of medical malpractice, is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Instead, the treatment must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (internal quotation marks and citations omitted).  "[W]hether governmental actors should have employed additional diagnostic techniques or forms of treatment "is a classic example of a matter for medical judgment" and therefore not an appropriate basis for grounding liability under the Eighth Amendment. *Adams v. Poag,* 61 F.3d 1537, 1544-46 (11th Cir. 1995) (finding prison medical staff's alleged treatment of prisoner's asthma with inadequate doses of oral steroids and lack of diligence in pursuing alternative means of treating prisoner's asthma was not "deliberate indifference" to medical needs and did not violate Eighth Amendment)

**III.    Defendants Fair, James, Street, and Digby's Motion for Summary Judgment**

Defendants Fair, James, Street, and Digby move for summary judgment, asserting that the record is devoid of any evidence suggesting Defendants were deliberately indifferent to any serious medical need of Plaintiff.  Defs. Br. in Supp. 4-6, ECF No. 69-2.  Plaintiff responds that Defendants were deliberately indifferent by refusing to provide him with his specifically requested brand of insulin. Parker Resp., ECF No. 79.

At all relevant times, Defendants were Licensed Practical Nurses (LPN) working at the Bibb County Jail.  Smith Aff. ¶ 11, ECF No. 69-3.  Plaintiff was incarcerated at the Bibb County Jail from December 4, 2013 to March 28, 2014 and again from December 29, 2014 to January 20, 2015.  Davis Aff. ¶ 13, ECF No. 60-3; Recast Compl. 5-6.  After

4

his initial booking, Plaintiff underwent a medical intake screening. Smith Aff. ¶¶ 13, 14. During Plaintiff's first incarceration at the Bibb County Jail, medical personnel checked or attempted to check Plaintiff's blood sugar approximately 230 times and administered insulin as medically indicated. Smith Aff. ¶ 16; Ex. A, ECF No. 60-1. During Plaintiff's second incarceration at the Bibb County Jail, medical personnel checked or attempted to check Plaintiff's blood sugar approximately 66 times and administered insulin as medically indicated. Smith Aff. ¶ 17; Ex. A, ECF No. 60-1. Plaintiff does not contest these facts. Rather, he avers only that "the course of treatment administered by the jail was largely ineffective in controlling his blood sugar count" and Defendants "declined to do anything more to attempt to improve his situation." Pl.'s Resp, 5, ECF No. 79. Even taking those assertions as true, Plaintiff has not put forth any genuine dispute of material fact demonstrating deliberate indifference.

Plaintiff's claims against Defendants Fair, James, Street, and Digby are, in essence, claims asserting that he should have been provided with the non-generic inuslin he took before he was incarcerated and requested at his intake screening—which, he avers, would have better controlled his blood sugar. Whether Defendant nurses Fair, James, Street, and Digby should have provided different treatment or a different brand of insulin is a clear example of medical judgment. *See Adams,* 61 F.3d at 1544-46. The medical records demonstrate that Defendants were consistently providing Plaintiff with medical care and insulin. Smith Aff. ¶ 16-17; Ex. A, ECF No. 60-1. His disagreement with the course of treatment or the brand of medication provided does not give rise to a claim for deliberate indifference to serious medical need. *See Hamm,* 774 F.2d at 1575.

This Court thus recommends that Defendants motion for summary judgment (ECF No. 69) be granted.

## IV.     Defendant Davis's Motion for Summary Judgment

Plaintiff asserts a deliberate indifference claim against Defendant Sheriff Davis in his individual and official capacities.  Compl. 3 & 9, ECF No. 1.  He alleges that Defendant Davis is responsible for setting medical policies at Bibb County Jail and failed to insure that those policies mandated the "proper administration of medicines."  Compl. 8.  He further alleges that Defendant Davis failed to ensure that the medical staff was properly trained, because if the medical staff had been properly trained, there would not have been "deliberate indifference" towards Plaintiff. *Id.* Defendant Davis moves for summary judgment arguing, *inter alia*, there is no genuine issue of material fact as to the essential elements of Plaintiff's claim against Sheriff Davis.  Def.'s Memo. in Supp. of Mot. to Dismiss 17, ECF 60-4.

### A.     Summary Judgment Ripeness

Initially, Plaintiff asserts that "summary judgment is premature" because depositions and interrogatories have not been taken.  Pl.'s Resp. 3-4, ECF No. 71. Pursuant to the Court's Order, discovery was to be completed within 90 days of the filing of Defendant Davis's answer or dispositive motion (whichever was filed first).  Order 7, Jan. 5, 2016, ECF No. 9.  Defendant Davis filed an Answer (ECF No. 44) on March 7, 2016.  The discovery period would have thus ended on Monday, June 6, 2016.  As there are no motions to compel or motions for extension of time to complete discovery on the case docket, the Court will assume both parties were able to complete whatever discovery

they felt necessary before the end of the discovery period. Defendant's motion was timely filed and is ripe for review.

      B.      Supervisory Liability

Defendant Davis moves to dismiss arguing there is no genuine issue of material fact as to the essential elements of Plaintiff's claim against Sheriff Davis. Def.'s Memo. in Supp. of Mot. to Dismiss 17. It is undisputed that Defendant Davis had no contact with Plaintiff and was not aware of his diagnosis, medical condition, treatments, assessments, or medical care. Davis Aff. ¶¶ 11-12; *see generally* Recast Compl. "Supervisory [d]efendants are liable only if they personally participated in the allegedly unconstitutional conduct or if there is a causal connection between [their] actions . . . and the alleged constitutional deprivation." *West v. Tillman*, 496 F.3d 1321, 1328 (11th Cir. 2007) (alterations in original) (internal quotation marks and citation omitted).

> [T]o survive Defendants' motion for summary judgment, Plaintiff[] must present sufficient evidence of either (1) a custom or policy [that] result[s] in deliberate indifference to constitutional rights or . . . facts [that] support an inference that the supervisor[s] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so; or (2) a history of widespread abuse [that] put[] the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so.

*Id.* at 1328-29 (alterations in original) (internal quotation marks and citation omitted).

Plaintiff alleges that a policy created by Defendant Davis prevented him from receiving the requested non-generic insulin and from engaging in appropriate physical exercise to control his diabetes. Recast Compl. 5. There is no evidence of such polic(ies) in the record. Plaintiff's conclusion that Defendant Davis must have created a policy to

7

prevent him from receiving the requested brand of insulin and appropriate physical exercise—unsupported by fact or the record—is insufficient to defeat Defendant's motion for summary judgment. *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) ("[M]ere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion.") (citation omitted). Furthermore, there has been no showing that even if Defendant Davis created such policies, those policies would result in deliberate indifference to any constitutional right. As this Court has already found, Plaintiff's allegations do not give rise to a claim of deliberate indifference against Defendant Davis's subordinates. Determining the brand of medicine to administer and the general course of treatment are medical decisions. Neither Plaintiff's disagreement with the type of medication or treatment rendered, nor his assertion that a different treatment would have been better, is sufficient to defeat Defendant's motion for summary judgment. This Court thus recommends granting Defendant Davis's motion for summary judgment (ECF No. 60).

For the reasons discussed above, the Court finds that no policies were created infringing on Plaintiff's constitutional rights. The Court thus recommends that Defendant Davis's motion for summary judgment be granted as to Plaintiff's official capacity claims.

## V. Defendant Defendants Reece, Harmond, Nation and Barnes's Motion for Summary Judgment

Defendants Reece, Harmond, Nation and Barnes move for summary judgment arguing, *inter alia*, Plaintiff's claims against them fail as a matter of law. Defs.' Br. in

Supp. 10, ECF No. 66-3. Plaintiff was incarcerated at Jones County Jail from March 28, 2014 to December 3, 2014 and then again from January 20, 2015 to February 27, 2015. Murray Aff. ¶ 7; *see generally* Recast Compl. At all times relevant to this action, Defendants Harmon and Nation were detention officers employed by the Jones County Sheriff's Office at the Jones County Jail. Murray Aff. ¶ 4, ECF No. 66-1. Defendant Nurse Barnes was employed as a contract, part-time registered nurse by the Jones County Sheriff's Office. *Id.* at ¶ 5. Defendant Reece was the Sheriff of Jones County. *Id.*

    A.    <u>Insulin - First Five Days of Confinement</u>

Plaintiff alleges that for the first five days he was at the Jones County jail, he was denied insulin. Recast Compl. 6. Defendants disagree, asserting that Plaintiff began checking his blood sugar and self-administering insulin at 6:30 a.m. on March 29, 2014. Murray Aff. ¶ 9. Defendants assert that Plaintiff's claim fails as to all three essential elements of deliberate indifference. The Court finds that Plaintiff failed to show any injury from an alleged deprivation of insulin for five days. The Court therefore does not address the other two elements.

Plaintiff has not alleged—and certainly has not demonstrated through the evidence in the record—that any harm was suffered, *even if* he was denied insulin for five days (an allegation Defendants contest). He has not proffered any allegation or fact showing that his condition was worsened as a result of Defendants' alleged indifference. *See Thomas v. Poveda*, 518 F. App'x 614, 620-21 (11th Cir. 2013)(affirming summary judgment in favor of doctor who delayed plaintiff's physical therapy for two months where there was no evidence to support a conclusion that the delay was due to more than mere negligence,

9

that the treatment was needed on an emergency basis, or that the delay worsened plaintiff's condition). Unsupported legal conclusions are insufficient to defeat a motion for summary judgment. *Ellis v. England*, 432 F.3d at 1326. This Court thus recommends that Defendants be granted summary judgment.

    B.    <u>Insulin</u>

Plaintiff alleges that after he began receiving insulin, medical personnel were deliberately indifferent by failing to provide insulin in proper amounts on a consistent basis. Recast Compl. 6. The parties agree that prescription insulin was delivered or provided to the Plaintiff by jail guards, and he would then self-administer. Pl.'s Resp. 3, ECF No. 73; *see generally* Defs. Br. in Supp. There is no dispute that jail staff did not administer insulin to Plaintiff (or any other inmates). Rather, Plaintiff was allowed to check his own blood sugar multiple times a day—after every meal—and administer insulin. He was able to use a sliding scale chart to calculate his insulin needs. Plaintiff only argues that the lack of assistance by a trained medical professional made it difficult to control his diabetes. Plaintiff does not aver that he sought assistance with his insulin and was denied. The record shows that Plaintiff never complained of insulin issues at his examinations by Defendant Nurse Barnes. Barnes Aff. & Barnes Aff. Ex, ECF No. 66-2. His assertion that having medical staff involved with his day-to-day administration of insulin would have better controlled his diabetes is insufficient to sustain a claim for deliberate indifference. *Hamm v. Dekalb Cty.*, 774 F.2d at 1575; *Adams v. Poag,* 61 F.3d 1537, 1544-46. The Court thus recommends granting Defendants' motion for summary judgment.

C.     Blood Pressure Medication

Plaintiff also alleges that he was denied blood pressure medication for about six months at Jones County Jail. Recast Compl. 6. Plaintiff says that he attended sick call to receive blood pressure medication and complained to nurses[1] about his symptoms, but the nurses would not prescribe blood pressure medication. Recast Compl. 6; Pl.'s Resp. 3, ECF No. 73. Defendants also assert that this claim fails as a matter of law. Defs.' Br. in Supp. 10-11.

According to Plaintiff's medical attention request forms, he first complained to Defendant Barnes about his blood pressure on June 2, 2014. Barnes Aff. ¶ 6 & Barnes Aff. Ex. at 8, ECF No. 66-2. Plaintiff stated that his blood pressure would go up when he ate food. Defendant Barnes checked his blood pressure and found it was 124/84—a normal reading. *Id.* Defendant Barnes instructed Plaintiff to increase his exercise and continue taking his medication for muscle and joint pain. *Id.*

Plaintiff complained of high blood pressure again on June 9, 2014. Barnes Aff. ¶ 7. Defendant Barnes checked his blood pressure. *Id.* The reading was 144/91, which was a borderline high reading. *Id.* However, in Defendant Nurse Barnes's medical opinion, it was not high enough to start blood pressure medications because Plaintiff's prior readings had been in the normal range—138/85, 114/75, and 128/86. *Id.*

Plaintiff complained of high blood pressure again on September 8, 2014. Barnes Aff. ¶ 8. Defendant Barnes again took Plaintiff's blood pressure. *Id.* It was 120/90,

---

[1] Plaintiff never specifies to which "nurses" he complained. The Court thus construes this claim as against Defendant Nurse Tondra Barnes, as she is the only named Jones County nurse defendant.

which is normal. *Id.* Defendant Barnes then directed jail personnel to keep a list of Plaintiff's blood pressure readings and to have Plaintiff rechecked later that week by a nurse with a manual cuff. *Id*; Barnes Aff. Ex. 2 at 10, ECF No. 66-2. On September 11, 2014, Plaintiff began receiving Amlodipine on a daily basis for high blood pressure. Murray Aff. ¶ 11; Barnes Aff. Ex. 2 at 11, ECF No. 66-2.

The parties agree that some period of time elapsed between the first time Plaintiff requested blood pressure medication and the date on which it was first prescribed. The record demonstrates, however, that Defendant Barnes attended to Plaintiff's medical complaints. His condition was routinely monitored, and the blood pressure readings Defendant Barnes took led her to make the medical judgment that blood pressure medication was not necessary at that time. The allegations set forth by Plaintiff are insufficient, in light of the record and testimony by Defendant Barnes, to satisfy the second prong of a deliberate indifference claim. The uncontested record demonstrates that Defendant Barnes did not disregard any serious risk of harm to Plaintiff. *Brown* 387 F.3d at 1351. Even assuming Plaintiff could show or has shown that his high blood pressure posed a risk of serious harm, he has failed to offer any facts or evidence to suggest that Defendant Barnes's medical judgment based on frequent blood pressure readings somehow amounted to deliberate indifference—i.e., more than mere negligence. *Id.* The Court thus finds that Defendant Barnes is entitled to summary judgment.

D.   Supervisory Liability

Plaintiff also names Jones County Sheriff Robert Reece as a defendant because Plaintiff alleges he created a policy that allowed officers and medical personnel to deny

12

medical care to Plaintiff. Recast Compl. 7. Further, Plaintiff alleges that Defendant Jones failed to employ qualified medical personnel. *Id.* There is no evidence of such polic(ies) in the record. Plaintiff's allegations are unsupported by the record in front of this Court and are insufficient to defeat Defendants' motion for summary judgment. *Ellis* 432 F.3d at 1326. This Court recommends granting Defendants' motion for summary judgment on Plaintiff's supervisory liability claim.

## CONCLUSION

For the reasons explained above, it is recommended that Defendants' motions for summary judgment be granted (ECF Nos. 60, 66, 69) be granted. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 2nd day of March, 2017.

S/ Stephen Hyles<br>UNITED STATES MAGISTRATE JUDGE